Filed 6/14/13  P. v. Queen CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **THE PEOPLE,**<br><br>        **Plaintiff and Respondent,**<br><br>**v.**<br><br>**MELODY ANN QUEEN,**<br><br>        **Defendant and Appellant.** | **A136591**<br><br>**(Mendocino County**<br>**Super. Ct. No. SCUKCRCR1119616)** |

Melody Ann Queen appeals from a judgment suspending execution of a two-year prison term and placing her on felony probation after she pled guilty to a single count of transporting methamphetamine in violation of Health and Safety Code section 11379, subdivision (a).[1]  She challenges the imposition and amount of a drug program fee and laboratory analysis fee.[2]  We agree with appellant that the probation order must be amended to reflect the proper breakdown of the assessments and surcharges included in both fees and to correct a minute order that does not accurately reflect the fees imposed. We reject appellant's argument that the court on remand must determine her ability to pay the drug program fee.

---

[1]  Statutory references are to the Health and Safety Code unless otherwise indicated.

[2]  In her opening brief, appellant also argued the probation order should be modified to clarify she would receive day-for-day credit against a 365-day jail term ordered as a condition of probation if she successfully completed a 12-month residential drug treatment program.  Appellant withdrew this argument in her reply brief and we address it no further.

1

DISCUSSION

The superior court imposed a $570 drug program fee under section 11372.7, which provides in relevant part, "(a) Except as otherwise provided . . . each person who is convicted of a violation of this chapter shall pay a drug program fee in an amount not to exceed one hundred fifty dollars ($150) for each separate offense. . . . [¶] (b) The court shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee. . . . If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee." The court also imposed a $190 laboratory analysis fee under section 11372.5, which provides, "(a) Every person who is convicted of a violation of Section . . . 11379 . . . shall pay a criminal laboratory analysis fee in the amount of fifty dollars ($50) for each separate offense." According to the probation report, these fees included the assessments and surcharges required by rule 4.102 of the California Rules of Court, as set forth in the Uniform Bail and Penalty Schedule. (See *People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1528-1530 [summarizing various assessments, surcharges and penalties applicable to fees].) No breakdown of the assessments and surcharges was contained in the probation order.

Appellant argues the case should be remanded so the superior court can provide a specific breakdown of the fees, assessments and surcharges included within the amounts imposed under sections 11372.7 and 11372.5. The People submit no remand is required because the $570 figure for the drug program fee and the $190 figure for the laboratory analysis fee correctly reflect the statutorily required assessments and surcharges. According to the People, the $570 drug program fee includes: (1) A $150 fee under section 11372.7, subdivision (a); (2) A $150 penalty assessment under Penal Code section 1464; (3) a $30 penalty surcharge under Penal Code section 1465.7; (4) a $105 penalty assessment under Government Code section 76000; (5) a $30 penalty assessment for Mendocino County under Government Code section 76000.5; (6) a $75 construction penalty under Government Code section 76372; (7) a $15 DNA penalty under

Government Code section 76104.6, and (8) a $15 state DNA penalty under Government Code section 76104.7.

The People also offer the following breakdown of the $190 laboratory analysis fee:  (1) A $50 fee under section 11372.5, subdivision (a); (2) A $50 penalty assessment under Penal Code section 1464; (3) a $10 penalty surcharge under Penal Code section 1465.7; (4) a $35 penalty assessment under Government Code section 76000; (5) a $10 penalty assessment for Mendocino County under Government Code section 76000.5; (6) a $25 construction penalty under Government Code section 76372; (7) a $5 DNA penalty under Government Code section 76104.6, and (8) a $5 state DNA penalty under Government Code section 76104.7.

Although we do not doubt the accuracy of the People's computations, we agree with appellant these amounts should have been set forth in the probation order.  (*People v. Eddards* (2008) 162 Cal.App.4th 712, 717-718 [case remanded so court could prepare order specifying the statutory bases of all fees, fines and penalties imposed upon the defendant in a case where probation was granted]; *People v. High* (2004) 119 Cal.App.4th 1192, 1200 [remanding case with directions to trial court to amend abstract of judgment to identify amounts and statutory bases of all fines, penalties and fees imposed].)  "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts." (*High* at p. 1200.)  We will remand the case for this limited purpose.  This will also give the superior court the opportunity to correct the minute order from the sentencing hearing, which does not accurately recite the amount of the drug program and laboratory fees actually imposed (incorrectly stating that the court imposed a $170 drug program fee and a $590 laboratory analysis fee).

Appellant claims the drug program fee was unlawful because it was imposed without the requisite determination she had the ability to pay.  The argument is forfeited due to trial counsel's failure to object.  (*People v. McCullough* (2013) 56 Cal.4th 589, 597 [failure to object to booking fees based on ability to pay forfeits issue].)

## DISPOSITION

The case is remanded to the superior court, which is directed to prepare an amended probation order reflecting the breakdown of all assessments and surcharges included in the $570 drug program fee imposed under section 11372.7 and the $190 laboratory analysis fee imposed under section 11372.5, along with the statutory basis for each component. The minute order for the sentencing hearing held on August 17, 2012, should be amended to correctly reflect the fees imposed.

_____

NEEDHAM, J.

We concur.

_____

SIMONS, Acting P. J.

_____

BRUINIERS, J.