Filed 8/26/13  P. v. Mason CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C071270 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF1242) |
| v. | |
| JOSEPH SCOTT MASON, | |
| Defendant and Appellant. | |

After the trial court denied his request for a continuance to obtain private counsel, defendant Joseph Mason pled no contest to rape with a firearm enhancement pursuant to a plea agreement for a 12-year prison sentence and dismissal of four other counts.  The court also imposed a fine of $1,140 pursuant to Penal Code section 290.3.[1]

On appeal, defendant first contends the court erred in denying his request for a continuance, violating his Sixth Amendment right to counsel and Fourteenth Amendment

_____

[1]     Undesignated statutory references are to the Penal Code.

right to due process. Second, defendant contends the court erred in not specifically detailing the amounts of and the statutory bases for the sex offense fine.

Because defendant did not show due diligence or meet his burden to show good cause, we find no abuse of discretion in the denial of the continuance. Thus, we affirm defendant's convictions. Nevertheless, we must remand the case to the trial court for a detailed recitation of the amounts and statutory bases for the $1,140 fine which the trial court failed to specify.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying defendant's convictions are not relevant to the issues raised on appeal.

As to the procedural background, on January 25, 2012, a complaint was filed charging defendant with rape by kidnap and personal use of a deadly weapon, rape of a victim incapable of resisting, rape by force, corporal injury on a cohabitant, and assault with a knife. That same day, the court appointed a public defender to represent defendant when defendant stated that he could not afford an attorney. The preliminary examination was set for February 3, and a preliminary conference for February 1.

At the preliminary conference, defendant requested a continuance for "a couple weeks in order to attempt to retain private counsel." The court denied the request because the prosecution would not waive time for the preliminary examination. Also at the preliminary conference, the prosecution offered a plea agreement that would expire at 2:00 p.m. the next day.

The next day, defendant accepted the plea agreement and pled no contest to the rape by kidnap charge with a firearm enhancement in exchange for a 12-year prison sentence and the dismissal of the remaining charges. The court also imposed a fine, pursuant to section 290.3, of $1,140 for defendant's sex offense conviction.

DISCUSSION

I

*The Trial Court Did Not Violate Defendant's Constitutional Rights In Denying His Request For A Continuance To Attempt To Obtain Private Counsel*

Defendant's primary contention is that the trial court violated his constitutional rights because it "arbitrarily" denied his request for a continuance. He argues that the denial was arbitrary because, "[N]either the prosecution nor the court offered any reason [for the denial] other than the prosecutor's right to a timely preliminary hearing." He also complains that the court made no "effort to justify the denial."

Section 1050 governs continuances. The moving party must be able to show good cause for the continuance. (§ 1050, subd. (d).) Due diligence must be shown in order to meet the requirement of good cause. (See *People v. Jenkins* (2000) 22 Cal.4th 900, 958.) On appeal, "[t]he trial court's denial of a motion for continuance is reviewed for abuse of discretion." (*Id.* at p. 1037.) The case of *People v. Courts* (1985) 37 Cal.3d 784 (*Courts*) is an example of good cause and due diligence.

In *Courts*, our Supreme Court ruled that the trial court should have granted the defendant's request for a continuance because the defendant had previously been in contact with the new attorney he wanted to hire, in that he had made final arrangements

3

and had already paid a retainer.  (See *Courts, supra,* 37 Cal.3d at pp. 791-792.)  The defendant in *Courts* carried his burden by presenting evidence to the court that he had good cause for the continuance and to change his attorney.  (*Ibid.*)

When the moving party does not meet the burden of proof, the court is "confronted with the 'uncertainties and contingencies' of an accused who simply wanted a continuance to attempt to *obtain* private counsel."  (*Courts*, *supra*, 37 Cal.3d at p. 791.)  "[N]ot every denial of a request for more time violates due process."  (*Ungar v. Sarafite* (1964) 376 U.S. 575, 589 [11 L.Ed.2d 921, 931] (*Ungar*).)

Here, defendant did not show good cause for a continuance, nor did he act with due diligence.  By requesting "a couple weeks in order to attempt to retain private counsel," without offering any evidence that he had begun to do anything to retain counsel, defendant did not show due diligence.  Without having a retained attorney at the ready, like in *Courts*, or having given the court an indication that there had been a change in circumstance such that he had attained the ability to fund his defense, defendant was unjustifiably dilatory.  The extra time requested would present uncertainties and contingencies because defendant had not retained new counsel, there was no certainty that he would obtain counsel, and a week earlier defendant had stated on the record that he did not have the means to retain counsel.

Because defendant failed to show that he had been diligent in trying to obtain new counsel, he did not meet the burden of proof to show good cause for a continuance.  Absent evidence to support the request for a continuance, the trial court's weighing of defendant's and the prosecution's rights was not arbitrary.  The trial court here did not

4

rely on a "myopic insistence of expedience" (see *Ungar*, *supra*, 376 U.S. at p. 589 [11 L.Ed.2d at p. 931]), for the prosecution has the right to a speedy trial, and there was no evidence to weigh from defendant. Accordingly, the challenge to the denial of the continuance is without merit.

II

*The Trial Court Erred In Not Breaking Down The Amounts And Statutory Bases Of The Aggregate Fine Pursuant To Section 290.3.*

Defendant contends and the People agree that the trial court incorrectly imposed a fine of $1,140 without breaking down the amounts and statutory bases of the various elements of the aggregate fine imposed pursuant to section 290.3. We agree and remand.

Section 290.3 does not by itself authorize a fine in the amount the court imposed. Section 290.3 allows for a $300 fine for a defendant's first qualifying conviction or a $500 fine for each subsequent conviction. (*People v. Walz* (2008) 160 Cal.App.4th 1364, 1369-1370.) Thus, it is clear that the $1,140 fine the court imposed here must be an aggregate of the fine imposed under section 290.3 and various statutory assessments on that fine.

Although we recognize that a detailed recitation of all the fees, fines, and penalties on the record may be tedious, California law does not authorize shortcuts. "All fines and fees must be set forth in the abstract of the judgment." (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)

In imposing the fine at the sentencing hearing pursuant to section 290.3, the trial court omitted the statutory bases of the elements of the aggregate fine. This does not

satisfy the standard set by this court in *High* and *People v. Eddards* (2008)

162 Cal.App.4th 712 at page 717.  Thus, the case must be remanded to the trial court.  On

remand, the trial court shall prepare an order specifying the amounts and the statutory

bases of the various elements of the aggregate fine imposed on defendant.  (*Id.* at p. 718.)

DISPOSITION

The matter is remanded to the trial court to detail the amounts and statutory bases

of the various elements of the aggregate fine under section 290.3.  The trial court is

directed to amend the abstract of judgment and to forward a certified copy of the

amended abstract to the Department of Corrections and Rehabilitation.  As modified, the

judgment is affirmed.


      ROBIE    , J.


We concur:


    NICHOLSON   , Acting P. J.


    MAURO    , J.


6