Filed 2/8/16  P. v. Tapia CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041191 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. Nos. C1475572, C1482183) |
| v. | |
| ARGENIS TAPIA, | |
| Defendant and Appellant. | |

In a negotiated disposition of two cases, defendant Argenis Tapia pleaded no contest in case No. C1475572 to felony theft or unauthorized use of Nadine Valete's car (Veh. Code, § 10851, subd. (a)) and misdemeanor driving under the influence (DUI) (Veh. Code, § 23152, subd. (a)).  In case No. C1482183, which is not at issue on this appeal, he pleaded no contest to felony theft or unauthorized use of Armando Delao's car (Veh. Code, § 10851, subd. (a)) and felony resisting or deterring an officer (Pen. Code, § 69).  The trial court suspended imposition of sentence in both cases, ordered defendant to serve concurrent eight month terms in the county jail, and placed him on three years' formal probation with various terms and conditions, including that he pay $5,855 in victim restitution to Nadine Valete, whose car sustained significant damage in defendant's possession.  The court also imposed various fines, fees, and penalty

assessments, including "a general fund fine of $400 plus [associated] penalty assessment[s]" that the clerk's minutes state totaled $1,240.

On appeal, defendant contends that (1) there was insufficient evidence to support the amount of restitution awarded to Valete; (2) the restitution award must be modified because Valete was not the owner of the stolen car; (3) his trial counsel was prejudicially ineffective; and (4) the probation order must be amended to state the statutory basis for the "general fund fine" and the amounts of and statutory bases for the components of the $1,240 in associated penalty assessments. We agree that the probation order must be amended. We reject defendant's other contentions.

## I. Background

The probation officer's waived referral memorandum explained that Valete sought $5,855 in victim restitution. "Her vehicle was damaged when the defendant hit the patrol car. Her family has yet to have it repaired, as they do not have the finances available at this time. Attached for the Court's review are three estimates for the repairs, of which $4,949.53 is the average cost . . . . Additionally, the victim had numerous items in the trunk of the vehicle, as she and her family had been Christmas shopping at the time of the offense. Furthermore, her father [was] so upset upon finding the vehicle had been stolen [that] he had to be taken to emergency . . . . Lastly, while the defendant was in possession of the stolen vehicle, several parking citations were issued and the victim had to pay the fines. Attached for the Court's review are copies of the receipts for the missing items, the Kaiser co-pay, as well as the parking tickets, totaling $905.47."

The memorandum noted that Valete had contacted the Victim Assistance Center and filled out a claim form. In her victim impact statement, Valete explained that her car was stolen on December 15, 2013, while she was Christmas shopping at a mall with her elderly mother and four-year-old son. She wrote that "the 1999 LX Honda Civic Sedan is under my father's . . . name and we are the original owners." The car was

2

"[m]echanically, exteriorly, and interiorly . . . in excellent condition" before it was stolen and had an estimated Kelley Blue Book value of $1,963. "Unfortunately, it sustained significant damage more than it was worth deeming it 'totaled.'" Valete said the incident "affected me and disrupted my life tremendously, not something someone over seven months pregnant should have to deal with." Her mother suffered an arthritic attack from searching in the cold for the car, her father became so stressed that he had to be taken to the emergency room, and Valete had to spend time dealing with the repercussions of the crime and documenting her losses.

At sentencing, the trial court asked if there were any comments about or corrections to the waived referral memorandum. Defendant's trial counsel and the prosecutor both responded in the negative. The court noted that "[t]his was a negotiated disposition" and that "[t]he defendant has agreed to and the district attorney has not objected to what the Court is going to announce." The court ordered defendant to serve eight months in the county jail and placed him on probation as previously described. Defendant accepted probation on the specified terms and conditions. On June 26, 2014, the trial court entered an order of restitution and abstract of judgment in favor of Valete. Defendant filed a timely notice of appeal.

## II. Discussion
### A. Standard of Review

We review restitution orders for abuse of discretion. (*People v. Giordano* (2007) 42 Cal.4th 644, 663 (*Giordano*).) Crime victims in California have a constitutional right to restitution for losses resulting from criminal acts against them. (Cal. Const., art. I, § 28, subd. (b); Pen. Code, § 1202.4.) "'A victim's restitution right is to be broadly and liberally construed.' [Citation.]" (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132 (*Johnny M.*).) While "the court need not order restitution in the precise amount of loss, it 'must use a rational method that could reasonably be said to make the victim whole, and

3

may not make an order which is arbitrary or capricious.'" (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172.) "'"When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court."'" [Citations.]" (*Johnny M.*, at p. 1132.) Reversal is warranted, however, when the restitution order exceeds the bounds of reason under all of the circumstances. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.)

"[T]he scope of a trial court's discretion is broader when restitution is imposed as a condition of probation." (*Giordano*, *supra*, 42 Cal.4th at p. 663, fn. 7; Pen. Code, § 1203.1, subd. (j).) "Because a defendant has no right to probation, the trial court can impose probation conditions that it could not otherwise impose, so long as the conditions are not invalid under [*People v. Lent* (1975) 15 Cal.3d 481]." (*Giordano*, at p. 663, fn. 7.)

## B. Restitution Award

Defendant contends that the trial court abused its discretion in awarding $4,949.53 in repair costs to Valete because "[t]here was no evidence that the car had actually been repaired or that [she or her father] intended to repair it." We reject the argument.

"In reviewing the sufficiency of the evidence, the '"power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted,"' to support the trial court's findings.' [Citation.] . . . 'If the circumstances reasonably justify the [trial court's] findings,' the judgment may not be overturned when the circumstances might also reasonably support a contrary finding. [Citation.] We do not reweigh or reinterpret the evidence; rather, we determine whether there is sufficient evidence to support the inference drawn by the trier of fact. [Citations.]" (*People v. Baker* (2005) 126 Cal.App.4th 463, 468-469 (*Baker*).)

Here, substantial evidence supported the trial court's implied finding that Valete intended to have the car repaired. The court could reasonably have inferred from the fact

4

that Valete obtained three repair estimates that she planned to repair the car instead of accepting the lesser replacement amount. The inference is bolstered by her statement to the probation officer that her family had not yet had the car repaired because "they do not have the finances available at this time." It is further bolstered by the fact that Valete did not attach an insurance company statement that the car was totaled to her loss questionnaire, which requires such statements for vehicles that have been totaled. Instead, she attached three repair estimates, which the questionnaire requires "[i]f your vehicle was damaged, but not repaired as of this date."

Defendant argues that "Valete's statement that the car had been 'totaled' and the fact that she completed the section of the restitution form for vehicles that are deemed a 'total loss' suggests that the car may have been purchased by the insurance company . . . ." Those facts are not dispositive. The issue is whether substantial evidence supported the trial court's findings, not whether there may have been evidence to support a contrary finding. (*Baker*, *supra*, 126 Cal.App.4th at p. 469.) Here, substantial evidence supported the trial court's implied finding that Valete intended to have the car repaired.

Defendant argues for the first time on appeal that the award of $4,949.53 in repair costs was an abuse of discretion "because that figure overstated [the] actual loss." We deem the argument forfeited. "An objection to the amount of restitution may be forfeited if not raised in the trial court." (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 (*Garcia*).) "The appropriate amount of restitution is precisely the sort of factual determination that can and should be brought to the trial court's attention if the defendant believes the award is excessive." (*Ibid.*) Here, defendant raised no such objection below. On the contrary, he expressly agreed to accept probation on the stated terms and conditions. He cannot now challenge the award as excessive.

Defendant argues against forfeiture, asserting that the waived referral memorandum was filed on "the *same day*" as the sentencing hearing and that neither he

5

nor his counsel was "specifically asked [at the hearing] if they agreed to the amount of the restitution award." This argument ignores the fact that before he entered his no contest pleas at an earlier hearing, defendant acknowledged without objection that "I will be ordered to pay fines, fees, and costs, which may include: . . . a mandatory restitution fine of not less than $300 and not more than $10,000 . . . ."

Even if we assume that defendant preserved his challenge to the amount of the restitution award, that challenge lacks merit. In *People v. Stanley* (2012) 54 Cal.4th 734 (*Stanley*), the California Supreme Court rejected the same argument that defendant raises here. The court affirmed an order of restitution based on the cost to repair a pickup truck that the defendant vandalized even though the repair cost was three times the $950 value of the truck. (*Id.* at p. 739.) The court noted that section 1202.4, subdivision (f)(3)(A) gives the trial court "a choice of awarding restitution to a crime victim for 'replacement cost of like property, *or* the actual cost of repairing the property when repair is possible.'" (*Stanley*, at p. 737.) Repair was possible in *Stanley*, "as indicated by the automotive body shop's written repair estimate . . . that the victim presented . . . ." (*Id*. at p. 738.) The court rejected the defendant's argument that the award gave the victim a windfall, observing that it might be difficult for the victim to find another "'1975 Dodge Adventurer in "excellent" condition for $950'" and that "'the longer it would take the victim to find one, the greater her loss-of-use damages would be.'" (*Stanley*, at p. 739.) "'The fact that the repairs will cost about three times the victim's purchase price does not mean that she will receive a windfall: It means she will have her truck back in the same condition it was before defendant vandalized it. This comports with the spirit of Proposition 8 [the "Victims' Bill of Rights"] and the text of the implementing legislation.'" (*Ibid*.)

*Stanley* is controlling here. As in *Stanley*, Valete established that repair was possible by presenting three written repair estimates. As in *Stanley*, requiring defendant to pay the costs of repairing Valete's car will not give her a windfall. It will instead

6

return her stolen Honda to the condition it was in before defendant damaged it. The trial court did not abuse its discretion in adding $4,949.53 in repair costs to the amount of restitution it awarded Valete.

Defendant argues that the award gave Valete a windfall because "the true owner" of the vehicle was not Valete but her father. Defendant forfeited this argument by failing to raise it below. (*Garcia*, *supra*, 185 Cal.App.4th at p. 1218.) It lacks merit in any event because substantial evidence supported the trial court's discretionary decision to award repair costs to Valete for the damaged car. She was driving the car on the day that defendant stole it. She wrote in her victim impact statement that she had stopped on the way to the mall that day "to fill up *my* gas tank . . . ." (Italics added.) She also wrote "the car is under my father's . . . name and *we* are the original owners." (Italics added.) The probation officer noted that Valete paid the parking tickets that were issued while defendant was in possession of the car. The trial court could reasonably have inferred from all of this evidence that Valete was a co-owner of the stolen car. Defendant's argument that Valete "could not be the 'victim' for the purpose of awarding restitution for the damage to the vehicle" lacks merit. On this record, the trial court did not abuse its discretion in awarding the cost of repairing the damaged car to Valete.

### C. Ineffective Assistance of Counsel

Defendant contends that his trial counsel was prejudicially ineffective for failing to object that the restitution order provided a windfall to Valete because she did not own the damaged car or establish that she intended to repair it. We disagree.

A defendant seeking reversal for ineffective assistance of counsel must prove both deficient performance and prejudice. (*People v. Ledesma* (1987) 43 Cal.3d 171, 218; *Strickland v. Washington* (1984) 466 U.S. 668, 687 (*Strickland*).) The first element "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." (*Strickland*, at p. 687.)

7

"Second, the defendant must show that the deficient performance prejudiced the defense." (*Ibid.*) A court deciding an ineffective assistance claim does not need to address the elements in order, or even to address both elements if the defendant makes an insufficient showing on one. (*Id.* at p. 697.)

Defendant cannot show deficient performance here. We have determined that an award of repair costs was appropriate and that the trial court properly awarded those costs to Valete as a co-owner of the damaged vehicle. Had defendant's trial counsel challenged the award below on the grounds he raises here, his objections would properly have been rejected. The failure to make meritless objections is not deficient performance. (*Strickland*, *supra*, 466 U.S. at p. 676.)

## D. Fines and Fees

Defendant complains that the trial court failed to identify the statutory basis for the "general fund fine of $400" that it imposed. He further complains that the court imposed $1,240 in associated penalty assessments without specifying the statutory bases for and amounts of the component penalties. He argues that the proper remedy is to remand the case so that the trial court can correct these errors. We agree.

Trial courts are required to identify the statutory basis for all fees, fines, and penalties imposed. (*People v. Eddards* (2008) 162 Cal.App.4th 712, 718 (*Eddards*).) The information must be included in the abstract of judgment or other commitment document. (*Ibid.*; Pen. Code, § 1213, subd. (b); *People v. High* (2004) 119 Cal.App.4th 1192, 1200 (*High*).) As the court noted in *High*, "[a]lthough . . . a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts." (*High*, at p. 1200.)

Here, the court stated at sentencing that it would impose "a general fund fine of $400 plus penalty assessment." The minutes refer to a $400 fine "+ PA $1240." The waived referral memorandum recommended that "[a] General Fund Fine and Penalty

8

Assessment be imposed." Nowhere in the record is there any specification of the statutory basis for the fine or any of its associated penalty assessments. The matter must be remanded so that the trial court can provide the required information. (*Eddards*, *supra*, 162 Cal.App.4th at p. 718.)

The Attorney General argues that a remand is unnecessary. Relying on this court's decision in *People v. Voit* (2011) 200 Cal.App.4th 1353 (*Voit*), she argues that the trial court's reference to a "general fund fine" was sufficient. We disagree.

In *Voit*, this court held that the trial court adequately pronounced judgment by imposing a specific fine and generally referring to the applicable penalty assessments where the minute order and the abstract of judgment stated the total amount of those assessments. (*Voit*, *supra*, 200 Cal.App.4th at p. 1373.) *Voit* said nothing about a trial court's failure to identify the statutory basis for the underlying fine to which the various unspecified penalty assessments attached. Thus, *Voit* does not obviate the necessity of a remand to permit the trial court to specify the statutory basis for the "general fund fine" that it imposed in this case.

The Attorney General suggests we can assume that the court "was referring to either the potential fine specified in Penal Code section 19 for misdemeanors or [to] the fine listed in Vehicle Code section 23536, subdivision (a), for first time DUI offenders." The record does not provide sufficient clues to support any such assumption.

Penal Code section 19 provides that "[e]xcept in cases where a different punishment is prescribed by any law of this state, every offense declared to be a misdemeanor is punishable by imprisonment in the county jail not exceeding six months, or by fine not exceeding one thousand dollars ($1,000), or by both." Vehicle Code 23536 provides that "[i]f a person is convicted of a first violation of Section 23152, that person shall be punished by imprisonment in the county jail for not less than 96 hours . . . nor more than six months, and by a fine of not less than three hundred ninety dollars ($390), nor more than one thousand dollars ($1,000)." (Veh. Code, § 23536, subd. (a).)

Here, the Attorney General assumes that the $400 fine was imposed for defendant's misdemeanor DUI conviction. The space on the clerk's minutes form indicating which count supported the fine was left blank. Additionally, nothing in the record establishes that defendant was a first-time DUI offender.[1] Further, because the minimum fine under section 23536, subdivision (a) is $390, it is not immediately apparent that the $400 fine was imposed pursuant to that section. Contrary to the Attorney General's assumption, the fine could also have been imposed for defendant's felony vehicle theft conviction. Vehicle Code section 10851 provides for punishment by "by imprisonment in a county jail for not more than one year . . . or by a fine of not more than five thousand dollars ($5,000), or by both the fine and imprisonment." (Veh. Code, § 10851, subd. (a).) Thus, we simply cannot determine which statute the trial court relied on.

We can, however, determine which penalty assessments were applicable. (See *People v. Hamed* (2013) 221 Cal.App.4th 928, 940-941.) A general fund fine is subject to seven mandatory penalty assessments. At the time of defendant's crimes (December 2013), those assessments were (1) a 100 percent ($400) state penalty assessment (Pen. Code, § 1464, subd. (a)(1)); (2) a 20 percent ($80) state surcharge (Pen. Code, § 1465.7); (3) a 50 percent ($200) state court construction penalty (Gov. Code, § 70372); (4) a 70 percent ($280) additional penalty (Gov. Code, § 76000, subd. (a)(1)); (5) a 20 percent ($80) emergency medical services penalty (former Gov. Code, § 76000.5); (6) a 10 percent ($40) penalty for implementation of the DNA Fingerprint, Unsolved Crime and Innocence Protection Act (Gov. Code, § 76104.6, subd. (a)(1)); and (7) a 40 percent ($160) state-only DNA penalty (Gov. Code, § 76104.7). These penalty assessments total $1,240. Thus, the trial court imposed the correct amount of penalty assessments. The

---

[1]    We note that other statutes provide for the imposition of the same range of fines ($390 to $1000) for a second, third, or subsequent conviction for driving under the influence. (Veh. Code, §§ 23540, 23546, 23550.)

probation order must be corrected, however, to reflect the statutory basis for the "general fund fine" and the statutory bases and amounts of the penalty assessments. (*Eddards*, *supra*, 162 Cal.App.4th at p. 718.)

### III. Disposition

The June 30, 2014 order for restitution and abstract of judgment in favor of Valete is affirmed.

The probation order is reversed and the matter is remanded to the trial court with directions to prepare an amended order specifying (1) the statutory basis for the "general fund fine of $400" and (2) the statutory bases and amounts of the penalty assessments that the court ordered defendant to pay.

11

_____

Mihara, J.

WE CONCUR:

_____

Bamattre-Manoukian, Acting P. J.

_____

Grover, J.

12