[No. C054656. Third Dist. Apr. 30, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN LEON EDDARDS II, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part III of the Discussion.

## COUNSEL

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette and Michael P. Farrell, Assistant Attorneys General, and John G. McLean, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**SIMS, Acting P. J.**—A jury convicted defendant Juan Leon Eddards II of assault with a deadly weapon and by force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1); undesignated statutory references are to the Penal Code) and found that he personally inflicted great bodily injury in the commission of the assault (§ 12022.7). The jury also convicted him of battery with serious bodily injury. (§ 243, subd. (d).)

Defendant was sentenced for the assault to state prison for five years. Sentence for the battery was stayed pursuant to section 654. Execution of sentence was suspended and defendant was placed on probation for three years on the conditions, among others, that he serve 30 days of incarceration with one day of credit for time served; pay a $1,000 restitution fine plus a 10 percent administrative fee (§ 1202.4, subds. (b), (*l*)), a $1,000 restitution fine, stayed unless probation is revoked (§ 1202.44), a $650 fine, and a $20 court

security fee (§ 1465.8); and make restitution to the state Restitution Fund in the amount of $1,055.62 plus a 10 percent administrative fee (§ 1203.1, subd. (b)).

On appeal, defendant contends (1) the 10 percent fee added to the restitution fund payment is unauthorized and must be stricken; (2) the trial court failed to separately state all fines, fees and penalties and (3) the court security fee was erroneously imposed as a condition of probation. In the published portion of this opinion, we conclude the 10 percent fee was erroneously added to the restitution fund payment. We also conclude that an order of probation, like an abstract of judgment, must specify the statutory basis of each fine or fee imposed. In the unpublished portion, we modify the court security fee and direct the trial court to prepare an amended probation minute order.

## FACTS

The facts of defendant's offenses are not at issue and need not be set forth in this opinion.

## DISCUSSION

### I

Defendant contends the "ten percent administration fee" added to the $1,055.62 order to the Restitution Fund is unauthorized and must be stricken. We agree.

The probation report stated, "The Victim Witness Unit of the District Attorney's Office indicates that they have expended $1,055.62 in the victim's behalf as a result of the defendant's criminal activities. The defendant should be held responsible for reimbursement." Consequently, the report recommended that defendant "[p]ay restitution to the State Restitution Fund in the amount of $1,055.62, plus a 10% administration fee, through Court Collections as directed by the Probation Officer." The court orally imposed the restitution fund payment and the administrative fee as recommended by probation.

Defendant correctly contends that the 10 percent administration fee is not authorized by section 1202.4, which authorizes such fees only with respect to collection of a *restitution fine*. (§ 1202.4, subd. (*l*).)

The Attorney General counters that the fee is authorized by section 1203.1, which requires the court to "consider whether the defendant as a condition of probation shall make restitution to the victim or the Restitution Fund." (§ 1203.1, subd. (b).) This statute provides in part that, "[i]f the court orders restitution to be made *to the victim*, the board of supervisors may add a fee to cover the actual administrative cost of collecting restitution but not to exceed 10 percent of the total amount ordered to be paid. The fees shall be paid into the general fund of the county treasury for the use and benefit of the county." (§ 1203.1, subd. (*l*), italics added.)

██ Section 1203.1 does not say the fee may be added "[i]f," as here, the court "orders restitution to be made to" the Restitution Fund, as opposed to the victim. (§ 1203.1, subd. (*l*).) Section 1203.1, subdivision (b), contains several measures that reveal an evident purpose of minimizing the administrative burden of distributing restitution.

Thus, while restitution payments received by a probation department in the form of *cash or money order* must be forwarded to the victim within *30* days from the date the payment is received, payments received in the form of *a check or draft* may be retained for *45* days, evidently to minimize the administrative burden of uncollectable checks or drafts. Further, payment "need not be forwarded to a victim until 180 days from the date the first payment is received, if the restitution payments for that victim received by the probation department total less than fifty dollars ($50)." (§ 1203.1, subd. (b).) Moreover, where the defendant has been ordered "to pay restitution to multiple victims and where the administrative cost of disbursing restitution payments to multiple victims involves a significant cost, any restitution payment received by a probation department shall be forwarded to multiple victims when it is cost-effective to do so, but in no event shall restitution disbursements be delayed beyond 180 days from the date the payment is received by the probation department." (§ 1203.1, subd. (b).)

All of these administrative burdens occur when restitution is paid *to the victim*; payment to the restitution fund is not mentioned.

██ In interpreting a statute, if the language of a statute is not ambiguous, the plain meaning controls. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 919 [129 Cal.Rptr.2d 811, 62 P.3d 54].) A

statute should be interpreted with reference to the whole system of law of which it is a part so that all may be harmonized and have effect. (*Ibid.*)

■ Here, the statutory scheme says the administrative fee should be imposed when restitution is paid *to the victim*. The only administrative burdens mentioned in the statutes are those incurred when restitution is paid *to the victim*. In these circumstances, we find no warrant to rewrite the statutes to impose the fee when restitution is paid to the Restitution Fund. If the Legislature wants to impose the fee in the latter circumstance, it may amend the statutes to say so.

We shall strike the administrative fee.

II

Defendant contends, and the Attorney General concedes, the matter must be remanded to the trial court to enable it to specify the statutory bases for the imposition of all fines and fees. We accept the Attorney General's concession.

■ In *People v. High* (2004) 119 Cal.App.4th 1192 [15 Cal.Rptr.3d 148], this court stated: "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts. All fines and fees must be set forth in the abstract of judgment. [Citations.] The abstract of judgment form used here, Judicial Council form CR-290 (rev. Jan. 1, 2003) provides a number of lines for 'other' financial obligations in addition to those delineated with statutory references on the preprinted form. If the abstract does not specify the amount of each fine, the Department of Corrections cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency. [Citation.] At a minimum, the inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts. [Citation.] Thus, even where the Department of Corrections has no statutory obligation to collect a particular fee, such as the laboratory fee imposed under Health and Safety Code section 11372.5, the fee must be included in the abstract of judgment. [Citation.]" (*Id.* at p. 1200.)

In this case, unlike in *High*, execution of sentence was suspended and the trial court did not generate an abstract of judgment. The court did, however, order defendant to serve a term of incarceration as a condition of his probation.

Section 1213 provides in relevant part: "When a probationary order . . . has been pronounced, a copy of the entry of that portion of the probationary order ordering the defendant confined in a city or county jail as a condition of probation . . . , and a Criminal Investigation and Identification (CII) number shall be forthwith furnished to the officer whose duty it is to execute the probationary order . . . , and no other warrant or authority is necessary to justify or require its execution. [¶] (b) If a copy of the minute order is used as the commitment document, the first page or pages shall be identical in form and content to that prescribed by the Judicial Council for an abstract of judgment, and other matters as appropriate may be added thereafter." (See *People v. Hong* (1998) 64 Cal.App.4th 1071, 1076 [76 Cal.Rptr.2d 23].)

Thus, although no abstract of judgment was issued, section 1213 required the trial court to furnish the executive officer with a commitment document (probation minute order) bearing the "form and content" required for an abstract, as expounded by this court in *People v. High, supra*, 119 Cal.App.4th at page 1200. The present minute order, which omits the statutory bases of most fines and fees, does not satisfy this standard. On remand, the trial court shall prepare an order specifying the statutory bases of all fees, fines, and penalties imposed upon defendant.[1]

III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

Defendant's conviction is affirmed.

The 10 percent "administration fee" imposed on the amount of $1,055.62, ordered paid to the state Restitution Fund, is stricken. The judgment is modified to impose a court security fee of $40. The case is remanded to the trial court, and the trial court is directed to prepare an amended probation minute order reflecting these changes and specifying the statutory bases for

---

[1] Because the trial court denied defendant's request to suspend the 29-day jail term pending appeal, it appears the error in failing to deliver a proper order to the executive officer is moot.

*See footnote, *ante*, page 712.

all fines, fees and penalties imposed upon defendant and reflecting that the court security fee is not a condition of probation.

Davis, J., and Raye, J., concurred.