Filed 9/10/13  P. v. Leinenweaver CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

| | |
|---|---|
| THE PEOPLE, | C072526 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12228) |
| v. | |
| KIMBERLY MICHELLE LEINENWEAVER, | |
| Defendant and Appellant. | |

Defendant Kimberly Michelle Leinenweaver appeals following her conviction for committing lewd and lascivious acts involving a 14- or 15-year-old victim at least 10 years younger than she (Pen. Code, § 288, subd. (c)(1)).[1]

The trial court sentenced defendant to prison and, as relevant to this appeal, ordered her to pay a fine of $1,140 pursuant to section 290.3.  Defense counsel agreed that the court need not "specify a breakdown" of the fine's component fees and assessments.  Neither the minute order of sentencing nor the abstract of judgment gives any indication of the amounts or statutory bases of that fine's components.

---

[1]  Unspecified statutory references are to the Penal Code.

Defendant contends, and the People properly concede, the trial court erred in imposing a $1,140 fine pursuant to section 290.3 without articulating the amount of the fine actually imposed under that section, or the statutory bases and amounts of applicable fees and penalty assessments, as required by *People v. High* (2004) 119 Cal.App.4th 1192 (*High*). She urges us to remand the matter for a proper articulation of the amount of the fine imposed under section 290.3 and the statutory bases and amounts of applicable fees and penalty assessments. We agree.

As we explained in *High*, the trial court must provide at sentencing a "detailed recitation of all the fees, fines and penalties on the record," including their amounts and statutory bases. (*High, supra*, 119 Cal.App.4th at p. 1200.) All of these fines and fees must be set forth in the abstract of judgment or probation minute order. (*High, supra*, at p. 1200; *People v. Eddards* (2008) 162 Cal.App.4th 712, 717-718.) "[T]he inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts. [Citation.]" (*High, supra,* at p. 1200.) Since a defendant cannot waive a requirement that benefits another party, her waiver here does not satisfy the trial court's obligation to identify each fine and fee at sentencing and specify the statutory bases and amounts for all fines, fees, and assessments imposed upon her.

Here, section 290.3, subdivision (a) required the court to impose a fine of $300. (§§ 290.3, 290, subd. (c).) The trial court did not specify the amount of the fine imposed pursuant to section 290.3, nor the amount and statutory bases of the accompanying fees and penalty assessments. Nor did the minute order provide this information. Accordingly, we must remand the case to the trial court for it to delineate the amount of the fine imposed pursuant to section 290.3, and the amount and statutory bases of the accompanying fees and penalty assessments.

## DISPOSITION

The judgment is affirmed. The case is remanded for the trial court to articulate the amount of the fine imposed at sentencing pursuant to section 290.3, and the amount and

statutory bases of the accompanying fees and penalty assessments. The court shall prepare an amended abstract of judgment and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


                                                      BLEASE           , Acting P. J.


We concur:


    ROBIE           , J.


    MAURO          , J.