Filed 8/22/14  P. v. Deo CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C074334 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF130699) |
| v. | |
| RAJINDER SINGH DEO, | |
| Defendant and Appellant. | |

A jury found defendant Rajinder Singh Deo guilty of inflicting corporal injury on his spouse.  (Pen. Code, § 273.5.)[1]

At sentencing, the trial court sentenced defendant to prison but stayed execution of his sentence, placed him on five years' formal probation, and (as relevant to this appeal) ordered defendant to pay (among other fines and fees) "a $70 court operations and conviction assessment."

---

[1] Undesignated statutory references are to the Penal Code.

1

On appeal, defendant contends the $70 "court operation and assessment" must be reduced to $40, the maximum allowed by section 1465.8, subdivision (a)(1).  The People respond that the trial court did not err; rather, its imposition of "a $70 court operations and conviction assessment" represented a $40 court operations assessment fee (§ 1465.8, subd. (a)(1)) *plus* a $30 conviction assessment (Gov. Code, § 70373).

Our review of the record suggests the People are correct.  The probation officer's report recommends, in relevant part, that defendant be ordered to pay "a $40 Court Operations Assessment Fee pursuant to Section 1465.8(a)(1) of the Penal Code, [and] a $30 Conviction Fee pursuant to Section 70373 of the Government Code."  The court appears simply to have consolidated these two fees when it imposed them.

However, confusion was created by the fact that neither the court's oral imposition of judgment, the minute order of sentencing, nor the judgment and order granting probation separately lists the fees imposed and states the statutory bases therefor, as is required.  (*People v. High* (2004) 119 Cal.App.4th 1192, 1200 (*High*).)  "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts.  All fines and fees must be set forth in the abstract of judgment. [Citations.]  The abstract of judgment form used here, Judicial Council form CR-290 . . .  provides a number of lines for 'other' financial obligations in addition to those delineated with statutory references on the preprinted form.  If the abstract does not specify the amount of each fine, the Department of Corrections cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency. [Citation.]  At a minimum, the inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts. [Citation.]" (*Ibid.*)

In this case, unlike in *High*, execution of sentence was suspended and the trial court did not generate an abstract of judgment.  However, this court has held that a probation order must also state the amounts and statutory bases of fines and fees

2

imposed.  (*People v. Eddards* (2008) 162 Cal.App.4th 712, 718.)  Therefore, we remand and direct the trial court to correct both the minute order and the judgment and order granting probation by separately listing the fees imposed, and the statutory bases therefor. (*Ibid.*)

## DISPOSITION

The matter is remanded to the superior court, which is directed to amend both the minute order and the judgment and order granting probation to separately state the penalty assessments imposed by the trial court along with the statutory basis for each assessment imposed.  As modified, the judgment is affirmed.  The clerk of the superior court is directed to forward a certified copy of the amended judgment and order granting probation to the Department of Corrections and Rehabilitation.

        RAYE        , P. J.

We concur:

     NICHOLSON    , J.

     ROBIE      , J.

3