Filed 5/21/15  P. v. Hernandez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CORNELIO LOPEZ HERNANDEZ,<br><br>    Defendant and Appellant. | H040586<br>(Santa Cruz County<br>Super. Ct. No. F25470) |

**INTRODUCTION**

Defendant Cornelio Lopez Hernandez pleaded no contest to operating a vehicle with a blood-alcohol level of 0.08% or higher.  (Veh. Code, § 23152, subd. (b).)  The trial court also found true three prior convictions for violating the same provision.  The court suspended imposition of sentence and placed defendant on probation for five years.

On appeal, defendant challenges the validity of a probation condition prohibiting him from associating "with persons whose behavior might lead to criminal activities." He also asserts that the trial court erred in imposing a $2,800 fine without identifying each fine, fee, and penalty imposed and the statute upon which each fine, fee, and penalty was based.  Lastly, defendant contends that the court erred in failing to award presentence conduct credits.  For the reasons set forth below, we will reverse and remand to the trial court with directions.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2013, the district attorney filed a complaint charging defendant with a felony count of driving under the influence of alcohol or drugs (Veh. Code, § 23152, subd. (a); count 1) and a felony count of driving while having a 0.08 percent or higher blood-alcohol level (Veh. Code, § 23152, subd. (b)). The complaint further alleged three prior convictions for violating Vehicle Code section 23152, subdivision (b).

On January 16, 2014, defendant pleaded no contest to count 2, driving with a blood-alcohol level of 0.08 percent or higher. The trial court also found true the allegation that defendant had three prior convictions of the same offense. The court dismissed count 1.

The trial court suspended imposition of sentence and placed defendant on probation for five years. The court imposed various terms and conditions of probation, one of which included serving 365 days in county jail, with 116 days of credit for time served. Additionally, one of the probation conditions prohibited defendant from associating with "persons whose behavior might lead to criminal activities." The court also imposed, but suspended, a "fine . . . , including all fees and assessments of $2,800."

## DISCUSSION

### A. *The Association Probation Condition is Vague and Overbroad*

Defendant contends that the probation condition prohibiting association with "persons whose behavior might lead to criminal activities" must be stricken because it is unconstitutionally vague and overbroad. The Attorney General concedes that the probation condition is unconstitutional as written, but argues that it could be modified as follows: "Obey all laws and not associate with persons he knows to be users or sellers of narcotics, felons, or ex-felons."

To pass constitutional muster, a probation condition that restricts the defendant's first amendment right to free association must be narrowly drawn to serve its rehabilitative purpose and to provide the defendant with " 'fair warning' " that he could

2

be in violation of its terms. (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) We review the constitutionality of a probation condition restricting a defendant's right of association de novo. (*Rubin v. City of Burbank* (2002) 101 Cal.App.4th 1194, 1199.) The condition at issue here is unconstitutional. It is not narrowly drawn, and, as written, it contains no guidelines for identifying individuals whose behavior "might lead to criminal activities." Defendant or his probation officer would not be able to identify the precise class of persons with whom defendant may not associate. Even with a knowledge requirement, the condition would still be improperly vague.

Moreover, the Attorney General's proposed modification of limiting the condition to "users or sellers of narcotics, felons, or ex-felons," and eliminating the phrase "might lead to criminal activities," may address the notice problems; however, it completely refashions the association condition to the point that we cannot say it realizes the trial court's intention in imposing the condition in the first place. The court's rehabilitative purpose in imposing this condition was to reduce the risk of the probationer engaging in criminal activities. Nonetheless, the Attorney General's proposed modification may be too narrow to accomplish the trial court's intended purpose in barring defendant from associating with persons "whose behavior might lead to criminal activities."

We thus conclude that the association condition, as imposed by the trial court, is too imprecise to give fair warning of what is prohibited and is not closely tailored to its intended purpose. Consequently, the association condition is unconstitutionally vague and overbroad. Because the proposed modification does not cure the constitutional deficiencies and because we cannot confidently say that it reflects the trial court's intention, the condition must be stricken or revised to correct the issues raised herein. We remand to the trial court with directions to make that determination.

**B.** *A Detailed Recitation of the Fines, Fees, and Penalties is Necessary*

Next, defendant contends that the trial court erred when it imposed a "bundled" fine of $2,800, rather than providing a detailed recitation of the fines, fees, and penalties.

3

Defendant argues that this court should direct the trial court on remand to amend the minute order and the relevant probation condition to specify each fine, fee, and penalty imposed and the statute upon which each fine and fee was based.

At the sentencing hearing, the trial court said that the "fine . . . , including all fees and assessments," was $2,800. However, in light of defendant's efforts in taking several classes while in custody, the court suspended payment of the fine. The court did not specify written or orally which fines, fees, and penalties it imposed. The trial court signed a probation/conditional sentence order, which only said that it was imposing "total fine/fees" of $2,800.00 "suspended all for completion of classes." Defendant did not object to the imposition of the total fine at any point in the court below.

The Attorney General argues that such modifications of the orders are unnecessary, as the issue is moot because the trial court suspended payment of these fines. Additionally, the Attorney General contends that defendant waived the claim of error because he failed to object in the court below.

First, we note that the trial court suspended payment of the fines "for completion of classes." Our reading of the record is that the suspension of the fine was conditional upon his successful completion of classes. Given the possibility of defendant's failure to complete his classes, he could still be subject to the fine. Thus, the issue is not moot.

Second, though we acknowledge that generally a defendant forfeits his right to appeal a probation condition where he fails to object at sentencing (see *People v. Welch* (1993) 5 Cal.4th 228, 234-237), we do not find the issue forfeited in this instance. The trial court must provide at sentencing a "detailed recitation of all the fees, fines and penalties on the record," including their amounts and statutory bases. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200 (*High*).) All of these fines, fees, and penalties must be set forth in the abstract of judgment or probation order. (*Ibid.*; *People v. Eddards* (2008) 162 Cal.App.4th 712, 717-718.) "If the abstract does not specify the amount of each fine, the Department of Corrections cannot fulfill its statutory duty to collect and

4

forward deductions from prisoner wages to the appropriate agency. [Citation.] At a minimum, the inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts. [Citation.]" (*High, supra,* at p. 1200.) Given the intent to benefit state and local agencies, defendant's waiver would not satisfy the trial court's obligation to identify each fine, fee, and penalty, the statutory bases, and the amounts imposed upon defendant. Thus, as the trial court failed to identify the type of fines, fees, and penalties it imposed and the statutory bases, we will direct the trial court on remand to amend the sentencing minute order, the probation/conditional sentence order, and the related probation condition to provide such information.

### C. The Trial Court Erred in Failing to Award Presentence Conduct Credits

Lastly, defendant contends that the trial court erred in failing to award any presentence conduct credits. He requests that this court modify the judgment to award him 232 days of credit (116 days of actual credit and 116 days of conduct credit). The Attorney General acknowledges that the trial court did not consider defendant's presentence conduct credits, but urges this court to remand so that defendant could file a motion in the trial court requesting such relief.

A criminal defendant is entitled to accrue both actual presentence custody credits under Penal Code section 2900.5 and conduct credits under Penal Code section 4019 for the period of incarceration prior to sentencing. Credits may be earned under Penal Code section 4019 by performing additional labor (Pen. Code, § 4019, subd. (b)) and by an inmate's good behavior (Pen. Code, § 4019, subd. (c).). " '[T]he court imposing a sentence' has responsibility to calculate the exact number of days the defendant has been in custody 'prior to sentencing,' add applicable good behavior credits earned pursuant to [Penal Code] section 4019, and reflect the total in the abstract of judgment. ([Pen. Code,] § 2900.5, subd. (d); see also *id.,* subd. (a).)" (*People v. Buckhalter* (2001) 26 Cal.4th 20, 30.) "A sentence that fails to award legally mandated custody credit is unauthorized and may be corrected whenever discovered." (*People v. Taylor* (2004) 119 Cal.App.4th 628,

647; *People v. Acosta* (1996) 48 Cal.App.4th 411, 428, fn. 8 ["The failure to award an adequate amount of credits is a jurisdictional error which may be raised at any time."].)

Here, the trial court awarded defendant 116 days of credit for time served, but it appears that it failed to award any conduct credits. The parties agree that it was the trial court's duty to determine the presentence custody and conduct credits to which defendant was entitled. (Pen. Code, § 2900.5, subd. (d).) Given that we are remanding the case for other reasons discussed above, we will direct the trial court to calculate and award presentence conduct credits and amend the sentencing minute order and probation/conditional sentence order accordingly.

## DISPOSITION

The matter is reversed and remanded. On remand, the trial court is directed (1) to strike or revise the probation condition prohibiting association with "persons whose behavior might lead to criminal activities," (2) to identify each fine and fee imposed and the statute upon which each fine and fee was based, and (3) to calculate and award presentence conduct credits.

_____
RUSHING, P.J.

WE CONCUR:



_____
MÁRQUEZ, J.



_____
GROVER, J.