Filed 1/12/16  P. v. Bolton CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DEE ANDRE BOLTON,<br><br>        Defendant and Appellant. | A144445<br><br>(San Francisco County<br>Super. Ct. No. SCN221795) |

Dee Andre Bolton appeals from a judgment upon a jury verdict finding him guilty of assault with force likely to cause great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)) and battery with serious bodily injury (§ 243, subd. (d)).  The jury also found true the allegation that defendant personally inflicted great bodily injury during the commission of the assault (§12022.7, subd. (a)).  Defendant contends that the trial court erred in imposing an administrative fee for the collection of restitution pursuant to section 1203.1, subdivision (*l*).  We agree and strike the administrative fee.

## I.  FACTUAL BACKGROUND

The evidence in this case showed that defendant engaged in a fight with Johnny Johnson near the Yoshi's club in San Francisco on August 11, 2013.  Defendant, along with a group of 10 to 14 men, pursued Johnson and kicked and punched him in the face, stomach, and legs until Johnson lost consciousness.  Johnson's DNA was found on

---

[1] All further statutory references are to the Penal Code.

defendant's pants and his right shoe.  Johnson sustained substantial injuries including facial fractures, short term memory loss, loss of feeling in the lower jaw, and brain injury.

The trial court sentenced defendant to six years in state prison and ordered that defendant pay $47,662.06 to the Victim Compensation and Government Claims Board. In addition, the court imposed an administrative fee not to exceed 15 percent of the restitution owed pursuant to section 1203.1, subdivision (*l*).

## II.  DISCUSSION

Defendant contends that the court erred in imposing the 15 percent administrative fee under section 1203.1, subdivision (*l*).  The Attorney General concedes the error.

Section 1203.1 governs restitution as a condition of probation.  (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120–1121.)  Thus, subdivision (*l*) of section 1203.1, which authorizes the imposition of a 15 percent administration fee, applies only in those instances in which a defendant has been ordered to pay restitution as a condition of probation.  (See § 1203.1, subd. (b) ["The court shall consider whether the defendant as a condition of probation shall make restitution to the victim or the Restitution Fund"]; compare § 1202.4, subds. (a)(3)(B) & (f) [mandating imposition of a restitution fine to a victim who has suffered economic loss as a result of the defendant's conduct].)  Moreover, the administrative fee may only be imposed when the court orders restitution be made to the victim, not the Victim Compensation and Government Claims Board as in the present case.  (*People v. Eddards* (2008) 162 Cal.App.4th 712, 717 [statute does not authorize imposition of administrative fee where restitution is to be paid to the state Restitution Fund].)  We must therefore strike the administrative fee.

## II.  DISPOSITION

The 15 percent administrative fee imposed pursuant to section 1203.1, subdivision (*l*) is stricken.  In all other respects, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and to forward a copy to the California Department of Corrections and Rehabilitation.

_____
Rivera, J.

We concur:


_____
Ruvolo, P.J.


_____
Reardon, J.