Filed 3/8/16  P. v. Garcia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C078191 |
| Plaintiff and Respondent, | (Super. Ct. No. 62125105B) |
| v. | |
| TERESA BELLEN GARCIA, | |
| Defendant and Appellant. | |

Defendant Teresa Bellen Garcia appeals from the judgment entered following her no contest plea to possessing methamphetamine for sale.  The trial court suspended imposition of sentence and placed defendant on probation for three years on the condition, among others, that she serve 180 days in county jail.  The trial court also imposed various fines, fees, and penalty assessments in the aggregate amount of $3,149.

On appeal, defendant contends the trial court erred by failing to specify the statutory basis for each fine, fee, and penalty assessment imposed.  We agree.  Defendant further contends the trial court erred by failing to specify which fines, fees, and penalty

1

assessments are a condition of probation. As we explain below, this is not necessary. We shall remand this matter to the trial court with directions to prepare an amended probation order specifying the statutory basis for each fine, fee, and penalty assessment imposed.

## DISCUSSION

### I

### *Statutory Bases For Fines, Fees, And Penalty Assessments Imposed*

In *People v. Eddards* (2008) 162 Cal.App.4th 712, we held a probationary order must specify "the statutory bases of all fees, fines and penalties imposed upon defendant." (*Id*. at p. 718.) Defendant contends, and the People agree, the matter must be remanded because the trial court's probation order does not comply with *Eddards*. We agree. The probation order omits the statutory basis for the base fine as well as the statutory bases for multiple penalty assessments and fees. Accordingly, the trial court must prepare a new probation order.

### II

### *Fines, Fees, And Penalty Assessments As Probation Conditions*

In *People v. Kim* (2011) 193 Cal.App.4th 836, the appellate court held that fines and fees that are collateral to a defendant's crime may not be made conditions of probation in the absence of a statutory exception. (*Id*. at pp. 842-843.) Defendant contends that remand is appropriate because the trial court failed to specify which fines, fees, and penalty assessments are a condition of probation. The People do not object to the matter being remanded for the clarification defendant seeks.

We conclude that remand on this basis is not warranted. The probation order is divided into separate sections, including several sections setting forth the various terms and conditions of defendant's probation. There are no fines, fees, or penalty assessments listed in any of these sections. Rather, the fines, fees, and penalty assessments are set forth in a section entitled "RESTITUTION, FINES AND FEES." Having reviewed the

2

record, it is clear to us that no fine, fee, or penalty assessment imposed by the trial court is a condition of defendant's probation.

## DISPOSITION

This matter is remanded to the trial court, which is directed to amend the probation order to specify the statutory basis for each fine, fee, and penalty assessment imposed. A copy of the new order shall be provided to the Placer County Sheriff's Department and the Chief Probation Officer of Placer County. As modified, the trial court's probation order is affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Butz, J.

/s/
Renner, J.

3