Filed 4/15/16  P. v. Davis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>JAMAAL ANTHONY DAVIS,<br><br>     Defendant and Appellant. | C077865<br><br>(Super. Ct. No. SF124144A) |

Defendant Jamaal Anthony Davis pleaded no contest to carrying a concealed firearm in a vehicle, possession of a firearm with the identification numbers removed, and failure to appear on a felony charge.  The trial court suspended imposition of sentence and granted defendant 5 years' probation, ordering him to serve 365 days in county jail.  The trial court also ordered defendant to pay various fines and fees including a $300 restitution fine, with a $30 surcharge, and a $120 court security fee.  At sentencing, the trial court ruled that defendant could pay his fees in "monthly payments. $50 a month starting November 1st, 2015."

On appeal, defendant contends the trial court erred in failing to identify the statutory bases for the $300 restitution fine and the $120 court security fee.  As to the

1

$30 surcharge on the restitution fine, defendant contends there is no authority for this surcharge. In response, the People state the case should be remanded to allow the trial court to state the statutory bases for these fines, fees, and surcharge. We agree the minute order should reflect, in the same manner as the abstract of judgment in commitment cases, the appropriate statutory bases for all fines, fees, and surcharges. The trial court is directed to prepare a new minute order that clearly sets forth all monetary charges orally ordered at sentencing and their legal bases. (See *People v. Eddards* (2008) 162 Cal.App.4th 712, 718, citing *People v. High* (2004) 119 Cal.App.4th 1192, 1200 [a minute order that omits the statutory bases of fines and fees is insufficient].)

Defendant also contends the trial court erred in imposing a $30 surcharge on the $300 restitution fine because, defendant argues, a Penal Code section 1465.7[1] surcharge cannot be imposed on a restitution fine. In response, the People agree it is "unclear" on what basis the court ordered the $30 surcharge, and agree the matter should be remanded for clarification.

The trial court did not identify the statutory basis for the surcharge imposed on the restitution fine. While we assume the trial court imposed the 10 percent surcharge under section 1202.4, subdivision (*l*), the minute order does not identify the statutory basis for that surcharge. The trial court is therefore directed to amend the minute order to include the statutory basis for the $30 surcharge.

Defendant also posits the minute order is ambiguous with regard to the payment plan ordered by the court. Defendant argues it is not clear from the language of the minute order that the language compelling defendant to "[p]ay $50 per month commencing 11-1-15" is actually a payment plan for fines and fees already imposed, and

---

[1] Undesignated statutory references are to the Penal Code.

not an additional fine. The People do not concede the minute order is vague in this regard, but do not object to the trial court clarifying the minute order accordingly. We direct the trial court to add, "toward these charges" between the words "month" and "commencing" in the form minute order to match its oral order.

We note the form minute order used to document orders of probation by the San Joaquin County Superior Court does not include many of the required statutory bases for fines, fees, and other charges. It also contains the ambiguous form language establishing the payment schedule we have ordered augmented to reflect the trial court's oral order in the instant case. We have seen many appeals from this language. We suggest the court revise the form minute order to comply with the standards set forth in *People v. High, supra,* 119 Cal.App.4th at page 1200 and *People v. Eddards*, *supra,* 162 Cal.App.4th at page 718 in the interest of preserving judicial resources.

## DISPOSITION

The judgment is affirmed. The trial court is directed to amend the form minute order to (1) add the appropriate statutory bases for all imposed fines, fees, and surcharges and (2) add the above-specified language regarding the payment schedule.


/s/

HOCH, J.

We concur:


/s/

NICHOLSON, Acting P. J.


/s/

DUARTE, J.


3