Filed 3/23/21  P. v. Forest Abeyta CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE, | C090674 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-157764) |
| v. | |
| MICHAEL FOREST ABEYTA, | |
| Defendant and Appellant. | |

Defendant Michael Forest Abeyta appeals the trial court's imposition of an incarceration fee and a booking fee for failure to state the fees' statutory bases.  He also asserts any incarceration fee is inapplicable and challenges the sufficiency of evidence supporting the imposition of the booking fee.  We remand for the trial court to state the statutory bases for the fees.  In all other respects, the judgment is affirmed.

1

BACKGROUND

Defendant pleaded guilty to second degree murder (Pen. Code, § 187, subd. (a))[1] for the killing of his wife Trang Tran. Tran's remains were found scattered in a wilderness area near where a motorist spotted defendant trying to push his car off a cliff several months earlier. Defendant declared he strangled Tran during an argument after he sought a divorce.

The trial court sentenced defendant to an indeterminate term of 15 years to life in state prison. At sentencing, defense counsel asked "the Court to consider [defendant's] inability to pay," stating defendant had no income and had outstanding debts, so counsel asked "the Court to impose the minimum fines." The court noted it "considered the defendant's ability to pay" and imposed an $8,000 restitution fine (§ 1202.4, subd. (b)), an $8,000 parole revocation restitution fine (§ 1202.45), a $40 court operation fee (§ 1465.8), and a $30 criminal assessment fee (Gov. Code, § 70373). The court also ordered he pay $1,268 in victim restitution (§ 1202.4, subd. (f)), $553 "in a booking fee," and "$172 in an incarceration fee." Defendant did not object to any of the fines or fees imposed.

DISCUSSION

I

*Statutory Bases for Incarceration Fee and Booking Fee*

Defendant contends the court improperly imposed the $172 incarceration fee and $553 booking fee because it did not provide a statutory bases for the fees. The People agree.

We stated in *People v. High* (2004) 119 Cal.App.4th 1192: "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may

---

[1]     Undesignated statutory references are to the Penal Code.

be tedious, California law does not authorize shortcuts.  All fines and fees must be set forth in the abstract of judgment." (*Id*. at p. 1200.)  This includes setting forth the statutory bases for each fee, fine, and penalty.  (*People v. Eddards* (2008) 162 Cal.App.4th 712, 717-718.)

Neither the trial court's oral pronouncement, the abstract of judgment, nor the sentencing minutes state the statutory basis for either the incarceration fee or the booking fee.  On remand, the trial court is directed to prepare an amended minute order and an amended abstract of judgment stating the statutory bases for all fines and fees imposed, including the $172 incarceration fee and the $553 booking fee.

## II

### *Incarceration Fee*

Defendant contends the only "incarceration fee" is under section 1203.1c, which is inapplicable to him.  The People agree.

Section 1203.1c permits a fee for "the reasonable costs of such incarceration" if "a defendant is convicted of an offense and is ordered to serve a period of confinement in a county jail, city jail, or other local detention facility."  (§ 1203.1c, subd. (a).)  Defendant was ordered to serve his sentence in state prison, so this fee would be inapplicable to him.  As we are remanding for the court to clarify the statutory basis for the incarceration fee, it is premature for us to strike the fee.  However, for the sake of judicial efficiency, we note that if the trial court intended to impose the incarceration fee under section 1203.1c, it must be stricken on remand.

## III

### *Booking Fee*

Defendant argues that regardless of the trial court's failure to provide the statutory basis for the $553 booking fee, the court's implicit finding he had the ability to pay the fee is not supported by substantial evidence.  We conclude defendant forfeited this challenge.

Under Government Code sections 29550, 29550.1, and 29550.2, a criminal justice administration fee, also called a "booking" fee (*People v. McCullough* (2013) 56 Cal.4th 589, 592), can be imposed for "reimbursement of county expenses incurred with respect to the booking or other processing of . . . arrested persons [who] are brought to the county jail for booking or detention" (Gov. Code, § 29550, subd. (a)(1)). "Which section applies to a given defendant depends on which governmental entity has arrested a defendant before transporting him or her to a county jail." (*McCullough,* at p. 592.) Considerations that may apply in setting the amount of the fee include the defendant's ability to pay (Gov. Code, §§ 29550, subd. (d)(2), 29550.2, subd. (a)) and the county's "actual administrative costs" (Gov. Code, §§ 29550, subd. (a)(1), 29550.2, subd. (a)). "[A] court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*McCullough,* at p. 597.)

Defendant's counsel asked the trial court to "consider" defendant's inability to pay and requested the minimum fines and fees. The court did consider defendant's ability to pay and imposed the booking fee. Defense counsel's statements before imposition do not indicate an objection to the booking fee and there was no challenge to the evidence supporting the booking fee once the court imposed it. Based on the record, we conclude defendant has forfeited his challenge to the booking fee on appeal.

DISPOSITION

The matter is remanded to the trial court to prepare an amended minute order separately listing all fines and fees imposed along with the corresponding statutory basis of each.  The court is directed to prepare an amended abstract of judgment and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.


 /s/                                            
HOCH, J.



We concur:



 /s/                                            
BLEASE, Acting P. J.



 /s/                                            
KRAUSE, J.


5