Filed 4/16/21  P. v. Williams CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>NICHOLAS EARL WILLIAMS,<br><br>        Defendant and Appellant. | A159918<br><br>(Sonoma County<br>Super. Ct. No. SCR733930) |

In this appeal, defendant Nicholas Earl Williams argues that the trial court violated the Eighth Amendment of the United States Constitution and article I, section 17 of the California Constitution by imposing and staying for 120 days various fines and fees when defendant was put on formal probation, while simultaneously determining that defendant did not have the present ability to pay under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). We affirm because defendant does not establish on appeal that the fines and fees were unconstitutionally excessive, but we find that a limited remand is appropriate to correct certain errors in the trial court's sentencing minute order.

## BACKGROUND

Defendant was arrested after an altercation with a 7-Eleven employee. Per the police report, the employee saw defendant stealing candy, and when he attempted to prevent defendant from leaving the store, the two got into a

1

physical altercation. Defendant punched and kicked the employee, then grabbed a plastic tray and struck him on the head. Witnesses shut the store door from the outside and prevented defendant from leaving. When police arrived, they observed that the employee had a bleeding cut on this head and a laceration on his hand. After receiving *Miranda*[1] warnings, defendant informed police that the employee had harassed defendant's friends at a local park earlier that day, so he went to the store to steal candy as retribution. He said, " 'I'm from Vallejo and in Vallejo when someone does something wrong, you take their shit.' " Defendant later told the probation officer that he stole the candy because he was hungry. Defendant was found in possession of a methamphetamine pipe during a search of his person and was ultimately placed under arrest. He subsequently admitted to probation that he had been under the influence of methamphetamine on the night of his arrest.

On December 17, 2019, the Sonoma County District Attorney filed a felony complaint charging defendant with one count of felony robbery (Pen. Code,[2] § 211; count 1) and one count of misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 2). Defendant entered into a negotiated disposition pursuant to section 1192.5 whereby he agreed to plead no contest to a felony count of assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)), he would serve 120 days in jail, and he would be placed on formal probation for 36 months. As part of the deal, counts 1 and 2 were to be dismissed. The court allowed amendment of the complaint to charge defendant with count 3, assault with force likely to

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

cause great bodily injury (§ 245, subd. (a)(4)), and defendant stipulated that there was a factual basis for his plea based on the police report and his counsel's investigation. Defendant pled no contest to count 3, and the court referred the matter to probation for a modified presentence report.

On March 5, 2020, the trial court sentenced defendant in accordance with the negotiated disposition. Defendant received credit for time served (168 days total), and formal probation for 36 months with normal terms and conditions, including that he not use drugs and that he seek and maintain employment or education. The court reserved victim restitution. In its initial pronouncement of judgment, the court ordered defendant to pay a $40 court security fee, a $30 criminal conviction fee, a $330 restitution fine, a $330 suspended probation revocation restitution fine, a $917 probation report preparation fee, a $917 annual fee for probation supervision, and a $71 collection fee, all stayed for 120 days to allow defendant to get a job and stabilize.

After the court's initial pronouncement of the fines and fees, defense counsel stated, "I understand that the type of employment Mr. Williams engages in is recycling, so under [*Dueñas*], I think I need to ask the Court to consider either reducing the fines and fees—because I don't believe he will have the—that he has a present ability to pay." The trial court agreed that defendant did not have the present ability to pay, but stated that defendant had more capability than he was showing, there was a huge amount of work available, and defendant needed to get a job and education. The court told defendant to think about what he wanted to be doing in five years and asked probation to work with him to develop a five-year plan; defendant confirmed to the court that he was willing to discuss this plan with probation. Defense counsel then inquired, "[I]s the Court not reducing his fines and fees? I—I

am concerned about his ability." The court responded, "I'll stay the report preparation fee, and I'll reduce the probation supervision fee to $50 a month. I'll stay all fines and fees for 120 days, which I already did."[3] The court stated that defendant needed to "step up," he had more ability than he was showing, he was young and healthy, and he needed to "get going." Defense counsel responded, "Thank you." Defendant timely appealed.

## DISCUSSION

### I. *Excessive Fines*

Defendant asks this court to vacate the fines and fees imposed upon him on the sole basis that the trial court erred under the excessive fines prohibitions of the state and federal Constitutions[4] because the court erroneously found that, while defendant was presently unable to pay, he had failed to establish future inability to pay.[5]

In January 2019, *Dueñas* held that, to impose court operations fees (§ 1465.8) and facilities fees (Gov. Code, § 70373), and to impose but not stay a $300 minimum restitution fine (§ 1202.4, subd. (b)), without holding a hearing to determine the defendant's ability to pay the fines and fees, violates

---

[3] The fines and fees at issue total $2,271, excluding the stayed $330 probation revocation restitution fine and $917 probation report preparation fee.

[4] The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." (U.S. Const., 8th Amend.) Article I, section 17 of the California Constitution states: "Cruel or unusual punishment may not be inflicted or excessive fines imposed."

[5] Defendant does not contend the trial court erred by denying him an ability to pay hearing or the opportunity to present evidence on his inability to pay after a proper request. He does not request that we remand the matter for an ability to pay hearing, and he makes no claims of statutory error.

4

due process. (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1168–1169, 1172.)[6] After *Dueñas*, a panel of this Division opted to address constitutional challenges to fines and fees based on assertions of inability to pay under the Eighth Amendment and article I, section 17 of the California Constitution. (*People v. Cowan* (2020) 47 Cal.App.5th 32, 42, review granted June 17, 2020, S261952 (*Cowan*).)[7] *Cowan* held that, "[b]ecause ability to pay is an element of the excessive fines calculus under both the federal and state Constitutions, we

---

[6] Dueñas was an indigent, homeless mother of young children who could not work because of her cerebral palsy and who was trapped in a cycle where she could not pay the fees to reinstate a suspended driver's license; in connection with misdemeanor convictions for driving with a suspended license, she incurred additional fines and fees that she could not afford to pay. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1161.) After pleading no contest to another misdemeanor charge of driving with a suspended license, she requested an ability to pay hearing, at which the trial court determined that she lacked the ability to pay attorney fees (§ 987.8, subd. (b)) and waived these fees. (*Dueñas*, at p. 1163.) Nonetheless, the court imposed assessments (§ 1465.8; Gov. Code, § 70373) and a minimum restitution fine (§ 1202.4, subd. (b)). (*Dueñas*, at p. 1163.)

[7] Courts have developed different views on when an ability to pay hearing must be held and what constitutional framework should be used to analyze inability to pay claims. Several courts have criticized *Dueñas* and have held that due process principles do not require determination of a defendant's ability to pay before imposing fines, fees, and assessments. (See, e.g., *People v. Pack-Ramirez* (2020) 56 Cal.App.5th 851, 860; *People v. Hicks* (2019) 40 Cal.App.5th 320, 326–329, review granted Nov. 26, 2019, S258946.) Like *Cowan*, other courts have held that constitutional challenges to the imposition of fines and fees should be based on the excessive fines clauses of the state and federal Constitutions. (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1060.) Still other courts differentiate depending on the fines and fees at issue. (*People v. Kopp* (2019) 38 Cal.App.5th 47, 96–98, review granted Nov. 13, 2019, S257844 [remanding for ability to pay hearing on assessments on due process grounds but directing that a restitution fine be analyzed under the Eighth Amendment].) The California Supreme Court may soon resolve the conflict. (See *Kopp*.)

conclude that a sentencing court may not impose court operations or facilities assessments or restitution fines without giving the defendant, on request, an opportunity to present evidence and argument why such monetary exactions exceed his [or her] ability to pay." (*Cowan*, at p. 48.)

We agree with *Cowan* that "[a] suitable framework for analyzing the constitutionality" of a restitution fine imposed under section 1202.4, subdivision (b), and assessments under Government Code section 70373 and section 1465.8 "is the excessive fines prohibition in the Eighth Amendment and its counterpart under the California Constitution, article I, section 17." (*Cowan, supra*, 47 Cal.App.5th at p. 42.)  We also agree with *Cowan* and other courts that have concluded that evaluation of ability to pay must include both a defendant's present ability to pay and his or her future ability to pay, and the defendant bears the burden of proof regarding inability to pay. (*Id.* at pp. 40, 49.)

Here, however, we need not decide whether defendant met his burden of establishing his inability to pay because, even if he did, he fails to establish on appeal that the fines and fees imposed were unconstitutionally excessive. Four factors are relevant to a constitutional excessive fines analysis:  "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay." (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728 (*Lockyer*), citing *United States v. Bajakajian* (1998) 524 U.S. 321, 337–338 and *City and County of San Francisco v. Sainez* (2000) 77 Cal.App.4th 1302, 1320–1322; *Cowan, supra*, 47 Cal.App.5th at pp. 47–48.)  Ability to pay is an important factor, and, as *Cowan* observed, "[I]n cases involving fines or fees the relative weight to be given ability to pay in the proportionality calculus is much more important than it is in a forfeiture

6

case." (*Cowan*, at p. 48, fn. 20.) Nonetheless, *Cowan* refrained from embracing a doctrinal development that endorses ability to pay as a standalone, "constitutional lodestar" in fines and fees cases (*People ex rel. State Air Resources Bd. v. Wilmshurst* (1999) 68 Cal.App.4th 1332, 1350), commenting that this doctrinal development appears to run afoul of *Lockyer*'s holding that "ability to pay is but one among several other proportionality factors under *Bajakajian*." (*Cowan*, at p. 48, fn. 20.)

Defendant does not mention the four relevant factors in his briefing. Nor does he present any argument for why, when the factors are weighed in this case where he acted in retribution and committed felony assault with force likely to cause great bodily injury, the fines and fees imposed on him must be considered excessive. By not addressing the relevant factors, defendant falls short of establishing error under the Eighth Amendment and under article I, section 17 of the California Constitution. (See *People v. Miralrio* (2008) 167 Cal.App.4th 448, 452, fn. 4 [an appellate court is not required to address undeveloped claims or ones inadequately briefed]; *In re S.C.* (2006) 138 Cal.App.4th 396, 408 [a judgment is presumed correct on appeal, and to demonstrate error, appellant must present meaningful legal analysis supported by citations to authority]; see also *U.S. v. Cheeseman* (3d Cir. 2010) 600 F.3d 270, 283 [defendant bears the burden of establishing a fine is unconstitutionally excessive]; *U.S. v. Viloski* (2d Cir. 2016) 814 F.3d 104, 109 [same].)

## II. *Correction of Errors in the Court's Sentencing Minute Order*

Defendant suggests that remand is required to correct the trial court's purported error in failing to dismiss counts 1 and 2, but we do not believe that remand is required for such a correction. This court has the power to correct clerical errors (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808), but

the record sufficiently reflects dismissal of counts 1 and 2. The record shows that defendant agreed to a plea of no contest to a count of felony assault with force likely to produce great bodily injury (a nonstrike offense), with a dismissal of count 1 (robbery, a strike offense) and count 2 (misdemeanor possession of drug paraphernalia), and the court accepted his plea and issued findings and orders. An entry appears near the end of the court's sentencing order stating, "Cts.__Bal.__ DISMISSED," with the term "Bal." in handwriting. Given these record entries, we interpret the court's sentencing minute order as dismissing counts 1 and 2.

Nonetheless, our review of the record establishes the need for a limited remand so that the trial court may amend its sentencing minute order to correct other errors.[8] First, there are discrepancies between the court's oral pronouncement of judgment and entry No. "[10]" in the "Fine and Fee Section" of the court's sentencing minute order (which states that the probation supervision fee is $917 per year of probation, stayed for 120 days), as well as between the oral pronouncement of judgment and entry No. "[18]" (which states that all of the fines and fees imposed are payable at $50 a month after 120 days). After initially setting the probation supervision fee at $917 per year, the trial court later ordered, "I'll reduce the probation supervision fee to $50 a month." This statement regarding the probation supervision fee is the only statement by the court at the sentencing hearing referencing a $50 monthly payment. As the reporter's transcript prevails over the minute order (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2; *People v. Sanchez* (2019) 38 Cal.App.5th 907, 918–919), the court's sentencing minute order must be corrected to specify an annual probation supervision

---

[8] We gave the parties the opportunity to submit supplemental briefing on these issues. (Gov. Code, § 68081.)

8

fee at $50 a month, to delete reference to a probation supervision fee at $917 annually, and to specify that the $50 monthly payment is for the probation supervision fee only.

Next, defendant suggests that the trial court likely intended to impose an indefinite stay on the $917 probation report preparation fee, but he states that the court's oral pronouncement of judgment on this issue may be ambiguous. The Attorney General concedes that the trial court intended to impose an indefinite stay on this fee. The trial court first imposed this $917 fee and stayed it, along with all other fines and fees, for 120 days. Then, following defense counsel's request for a fines and fees reduction, the trial court stated, "I'll stay the report preparation fee, and I'll reduce the probation supervision fee to $50 a month. I'll stay all fines and fees for 120 days, which I already did." We believe that the Attorney General is correct in stating that the trial court logically must have stayed the probation report preparation fee indefinitely, as there would be no reason to impose a separate stay on this fee if it were controlled by the 120-day stay. The sentencing minute order reflects a $917 probation report preparation fee, stayed for 120 days. Thus, we shall direct the trial court to amend the sentencing minute order to reflect that the $917 probation report preparation fee is stayed indefinitely, whereas all other fines and fees are stayed for 120 days.

Finally, we conclude that a limited remand is also necessary to clarify the statutory bases for two additional fine and fee entries in the sentencing minute order. No matter how tedious it may seem, trial courts must recite all applicable fines, fees, and penalties, including their statutory bases, and these fines, fees, and penalties must be set out in full in the abstract of judgment or the order of probation with the statutory basis for each fine or fee imposed. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200–1201; *People*

9

*v. Eddards* (2008) 162 Cal.App.4th 712, 715.) Directly under entry No. "[16]," the sentencing minute order reflects a $71 "Administration fee," but the order does not include a statutory basis for this fee. At the sentencing hearing, the court stated, "So there's a $71 fee for collection of the fines," without specifying the statutory basis for the fee. Similarly, entry No. "[13]," entitled "Fine," reflects a total of $70, and indicates that the court security fee is a "Fine" included in the entry. The trial court orally imposed a $40 court security fee and a $30 criminal conviction fee, thus presumably this $70 entry includes both of these fees. On remand, assuming there is an applicable statutory basis for the $71 collection fee, we direct the trial court to separately state each fee, fine, and/or penalty included in the $71 fee and entry No. "[13]" and the statutory basis or bases therefor. With respect to the $40 court security fee (§ 1465.8) and the $30 criminal conviction assessment fee (Gov. Code, § 70373), the court's amended sentencing minute order should also clarify that these fees are imposed by separate order and not as conditions of probation.[9] (*People v. Kim (*2011) 193 Cal.App.4th 836, 842–843 [Gov. Code, § 70373]; *People v. Soto* (2016) 245 Cal.App.4th 1219, 1237 [§ 1465.8].)

## DISPOSITION

The cause is remanded to the trial court for the limited purposes set forth below. The judgment is otherwise affirmed.

---

[9] The parties agree that these fees should not be imposed as conditions of probation, and we accept their concession. The Attorney General notes that the record does not affirmatively establish that the trial court imposed these two fees as conditions of probation. Nonetheless, as the trial court will need to issue an amended sentencing minute order, we believe that it is appropriate for this clarification to be included therein.

The trial court is to correct the sentencing minute order to specify an annual probation supervision fee at $50 a month, to delete reference to the probation supervision fee at $917 annually, and to specify that the $50 monthly payment is for the probation supervision fee only. The trial court is to correct the sentencing minute order to reflect an indefinite stay of execution on the $917 probation report preparation fee, and a 120-day stay on the other fines and fees imposed. The trial court is to correct the sentencing minute order so that it separately states each fee, fine, and/or penalty included in entry No. "[13]" and the statutory basis or bases therefor. If it is satisfied that the $71 fee is supported by statute, the court is to correct the sentencing minute order to separately state each fee, fine, and/or penalty included in the $71 "Administration fee" reflected beneath entry No. "[16]" in the "Fine and Fee Section" of the sentencing minute order and the statutory basis or bases therefor. If there is no valid statutory basis for the $71 fee, the trial court is to strike the fee. With respect to the $40 court security fee (§ 1465.8) and the $30 criminal conviction assessment fee (Gov. Code, § 70373), the trial court is to clarify that these fees are imposed separately and not as conditions of probation. The superior court clerk is ordered to issue an amended sentencing minute order including the foregoing corrections.

11

BROWN, J.

WE CONCUR:

STREETER, ACTING P. J.

TUCHER, J.

*People v. Williams* (A159918)

12