Filed 4/21/21  P. v. Boudreau CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C092030 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFE20190004171) |
| v. | |
| ANDREW OLIVER BOUDREAU, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Andrew Oliver Boudreau filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment but remand for amendment of the abstract of judgment.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with first degree burglary (Pen. Code, § 459—count 1),[1] second degree burglary (§ 459—count 2), and two counts of taking a vehicle without consent (Veh. Code, § 10851, subd. (a)—counts 3 and 4). It was further alleged as to each count that defendant had served a prior prison term. (§ 667.5, subd. (b).) Pursuant to a plea agreement, defendant pleaded no contest to second degree burglary (count 2) and taking a vehicle without consent (count 3). In exchange for defendant's plea, the remaining counts were dismissed. Defendant was released on bail until sentencing.

The trial court sentenced defendant to a split sentence (§ 1170, subd. (h)(5)(b)) for the upper term of three years for second degree burglary and one-third the middle term of eight months for taking a vehicle without consent for a total term of three years eight months. The court ordered two years to be served in county jail with one year eight months to be served under mandatory supervision. As to second degree burglary, the court ordered defendant to pay a restitution fine of $300 (§ 1202.4, subd. (b)), with an additional $300 probation revocation fine, which was stayed pending successful completion of mandatory supervision (§ 1202.45), and the court added: "[A]ny applicable penalty assessments and criminal surcharges will also be assessed on the appropriate fines and fees pursuant to Penal Code section 1202.4(*l*), 1464 and 1465.7." The minute order lists a "$30.00 Surcharge" and "Fines/Fees $70 stayed." Consistent with the minutes, the abstract of judgment included as other orders: "$30. SURCHARGE. $70. STAYED. FINES/FEES TO PROBATION."

_____

[1] Undesignated statutory references are to the Penal Code.

2

Defendant filed a timely notice of appeal and obtained a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

After examining the record, we conclude the court erred by not identifying the statutory basis for the $30 and $70 fines. We stated in *People v. High* (2004) 119 Cal.App.4th 1192: "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts. All fines and fees must be set forth in the abstract of judgment." (*Id*. at p. 1200.) This includes setting forth the statutory bases for each fee, fine, and penalty. (*People v. Eddards* (2008) 162 Cal.App.4th 712, 717-718.)

It is unclear what statutes apply to the $30 "Surcharge" and the $70 "Fines/Fees." Though the court's oral pronouncement provides various statutory provisions for the additional fines and fees, it did not say which of these provisions apply to the $30 and $70, and the abstract of judgment and the sentencing minutes do not state the statutory basis for these fines. On remand, the trial court is directed to prepare an amended minute order and an amended abstract of judgment stating the statutory bases for all fines and fees imposed, including the $30 "Surcharge" and the $70 "Fines/Fees."

3

## DISPOSITION

The matter is remanded to the trial court to prepare an amended minute order and an amended abstract of judgment separately listing all fines and fees imposed along with the corresponding statutory basis of each. The court is directed to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　BLEASE, Acting P. J.



We concur:



　　　　/s/
HULL, J.



　　　　/s/
DUARTE, J.


4